[No. 17735.  Department One.  May 9, 1923.]

GUST CHAROUHAS, *Appellant*, v. PURITAN CANDY COM-
PANY *et al.*, *Respondents*, BENTON EMBREE, RECEIVER
OF PURITAN CANDY COMPANY, *Intervener
and Respondent.*[1]

CORPORATIONS (33, 35)—STOCK—RIGHTS OF SUBSCRIBERS—ESTOPPEL
TO DENY VALIDITY.  Stockholders in a corporation cannot maintain
an action to recover paid up subscriptions on increased stock, be-
cause the articles or resolutions for the increase were not filed,
where it appears that this was an oversight, they knew the increase
was to be made when they subscribed, and the certificate of in-
crease was filed before suit brought.

SAME (33)—RIGHT TO QUESTION SUBSCRIPTION—ESTOPPEL.  Stock-
holders in an insolvent corporation cannot recover paid-up sub-
scriptions on increased stock, whether the same was regularly
issued or not, where the company was a *de facto* corporation in-
curring obligations to creditors that could not be paid.

SAME (39)—SUBSCRIPTIONS OBTAINED BY FRAUD—LIABILITY OF
OFFICERS.  Stockholders of a corporation cannot recover for paid-
up subscriptions induced by representations of the officers that the
stock would be increased, where there was no misrepresentation
of an existing fact, and failure to duly make the increase was
through an oversight to file the amended articles which in no way
prejudiced the rights of the stockholders.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered March 11, 1922, upon
findings in favor of the defendants, in an action to
rescind subscriptions for corporate stock, tried to the
court.  Affirmed.

*S. M. Lockerby* and *Edward H. Wright,* for appel-
lant.

*Lundin & Barto* and *R. J. Meakim,* for respondents.

MITCHELL, J.—The Puritan Candy Company was
organized as a corporation in this state in February,
1919, with a capital stock of $25,000, all of which was

[1]Reported in 215 Pac. 52.

issued to three persons, two of whom were its only trustees and owned all of the stock except one share of the par value of $100. For the purpose of increasing its business and capital stock, a number of other persons became interested and, upon full investigation, decided to invest. A meeting of all such persons with the three stockholders was held in January, 1920, at which time it was decided to increase the capital stock to $100,000, the shares to be of the par value of $100 each. The new investors, represented by the plaintiff in this suit, severally signed and delivered written subscriptions and applications for various amounts of the new stock to be issued, and at a meeting of all of the stockholders of the corporation as it then actually existed, a resolution was unanimously adopted providing for the necessary amendment of the articles of incorporation, and at the same time a proper certificate was executed and acknowledged for filing, as required by law to effectuate the change. The certificate was delivered to the person who acted as attorney in the transaction, being himself an owner of one share in the corporation, with instruction to see that it was properly placed of record. Through inadvertence and oversight, as the court found upon what we think was a preponderance of the evidence, the attorney did not file the certificate until after the present suit was commenced. However, a short time after executing the instruments, the trustees and officers who were in control of affairs, acting in good faith and believing that the certificate had been filed of record, issued and delivered certificates of stock to the parties represented here by the plaintiff according to their several subscriptions, upon receiving pay therefor at par value.

About that same time, the certificates of stock held by the old subscribers were canceled and in their steads new certificates were issued and delivered to

them. The money paid in by the parties was used in the future business of the corporation. The new subscribers attended the stockholders' meetings after receiving their stock and voted their shares on all such occasions. The plaintiff and two of his assignors were elected as three of the five trustees who managed the affairs of the corporation. A stock ledger kept by the corporation showed all such parties to be stockholders and the number of shares owned by each. Within a little more than a year after the issuance of the new stock, the corporation became indebted to various creditors, whose claims were unpaid at the time this action was commenced, in a total amount largely in excess of the assets of the corporation, which was hopelessly insolvent.

This action was then brought by the plaintiff in his own behalf and as assignee of seven others similarly situated to recover as creditors of the corporation to the amount of their paid up subscriptions, and also to recover against the defendants Demakis and Maravias, trustees of the corporation before the increase of the capital stock, on the ground of fraud, in that it was falsely represented to them, at the time they made their subscriptions and payments, that the capital stock had already been increased, and that they relied on such misrepresentations. It was further alleged in the complaint that the corporation was insolvent, and upon that ground the plaintiffs asked for and procured the appointment of a receiver. Upon the complaint, the answers of the defendants, the complaint in intervention of the receiver, and the replies to the answers, the trial resulted in findings, conclusions and judgment against the plaintiff, from which he has appealed.

There can be no question hardly that, at the time the appellant and his assignors signed written subscriptions, they knew the capital stock of the corporation

had not been increased but that it was to be increased, and it is immaterial that by oversight the articles or certificate and resolution for the increase were not actually filed until after the suit was brought.

As a suit against the corporation, the appellants are in the position of seeking a judgment that will still further reduce the assets of a corporation, allowed to become insolvent under their management as stockholders and trustees, as against the rights of those creditors happening in the course of that management. This they will not be permitted to do. The complaint alleges insolvency of the corporation. The proof shows its assets are insufficient to pay twenty cents on the dollar to the creditors. It is unimportant whether or not the stock was irregularly issued before the filing of the amended articles. The corporation was acting as a *de facto* one as to its increased capital stock, through the very persons who incurred obligations to creditors that cannot be paid.

Nor is the appellant entitled to recover against the respondents Demakis and Maravias, who, as found by the trial court, acted in good faith and who represented, not as alleged in the complaint that the capital stock had been increased, but that it would be increased, which was according to the very terms of the written applications of the new subscribers. At the time the money of the new subscribers was received, Demakis and Maravias were of the opinion that the amended articles had been filed, to the same extent that the appellant and his assignors, for the long period of more than a year while they were stockholders and a majority of the board of trustees, continued to believe the same thing. There was no misrepresentation of an existing fact, only what was intended by all the parties should be done in the future was by oversight omitted to be done, and that without

any prejudice whatever to the rights of the appellant and his assignors. Their rights were at all times as fully protected, as compared with the rights of Demakis and Maravias, and in all other respects, financially and in the policy of the corporation shaped through its stockholders and trustees, as though the amended articles had at all times been of record during the time the assets were allowed to fall far below what was necessary to satisfy the creditors whose rights accrued during that period.

Being satisfied that the judgment is right, it is affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.